IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

HAROLD K. SPURELL,      :
      Plaintiff,      :
                            :      No. 06-cv-1960
      v.      :
                            :      Judge John E. Jones III
LACKAWANNA COUNTY PRISON,      :
*et al.*,      :
      Defendants      :

## MEMORANDUM AND ORDER

February 12, 2008

This matter is before the Court pursuant to Federal Rule of civil Procedure 41 and Local Rule 41.1 for the Plaintiff Harold Spurell's failure to prosecute this action. For the reasons set forth below, this action will be dismissed with prejudice thirty days from the date of this Order, unless good cause is shown why this action should not be dismissed.

## I.     BACKGROUND

Spurell filed the complaint in this § 1983 action on October 4, 2006. (Doc. 1.) On that same date, Spurell was issued a copy of the Court's standing practice order for pro se plaintiffs. (Doc. 4.)   Spurell's application to proceed *in forma pauperis* was granted on October 10, 2006. (Doc. 5.) Summons were issued on October 11, 2006 and returned executed on October 16, 2006 (Doc. 6).

1

On November 8, 2006, the Clerk of the Court mailed an administrative order to Spurell using the inmate number and address provided in his complaint. (Doc. 8.)  On November 20, 2006, this mail was returned as undeliverable as addressed.  (Doc. 9.)  The administrative order was re-sent to Spurell using a different inmate number found on the envelope in which his complaint arrived, but this mail was returned with the stamp "return to sender inmate not at this facility." (Doc. 10.)

The defendants filed their answer to Spurell's complaint on December 7, 2006.  (Doc. 12.)  That is the last action to take place in this case.

## II.   DISCUSSION

Pursuant to Fed. R. Civ. P. 41(b), a court may dismiss an action "if the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." A trial court also retains inherent power to dismiss actions *sua sponte* where the plaintiff failed to prosecute.  *See Kenney v. Cal. Tanker Co.*, 381 F.2d 775, 777 (3d Cir. 1967) ("As was said in *Link v. Wabash R.R.*, 370 U.S. 626, 630-631(1962) where the plaintiff argued that FRCP 41(b) by negative implication prohibits involuntary dismissal except on motion by the defendant, no restriction on the District Court's power should be implied. 'The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power"

governed not by rule or statute, but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'").

In determining whether to dismiss a case for failure to prosecute, the district court must balance so-called *Poulis* factors: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party ... was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim." *Hunt v. City of Scranton*, 236 Fed. Appx. 740, 742 (3d Cir. 2007) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). "Not all of the *Poulis* factors need be satisfied in order to dismiss a complaint", but before dismissing an action, a district court must make explicit findings regarding all six of the factors. *Id.* (citations omitted). In this case, the *Poulis* factors militate in favor of dismissal.

Spurell, unrepresented by counsel, bears the full personal responsibility for his failure to prosecute. The practice order issued by the Court and Local Rule 83.18 make clear that it is a pro se litigant's responsibility to maintain his current address with the Clerk and to update the Court should his address change. Spurell

3

has abdicated this responsibility and left the Court and the other parties to this case with no way of contacting him. Further Local Rule 41.1 informs parties that an action may be dismissed at any time no proceedings appear to have been taken for one full calendar year. Spurell has done nothing to move this action forward for more than a year.

Spurell's failure to follow this Court's orders and rules has significantly prejudiced the defendants by making it impossible for them to conduct discovery or serve pre-trial motions. As time marches on, the defendants' ability to defend against Spurell's claims is greatly reduced. *See Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994) ("Examples of prejudice include the irretrievable loss of evidence, the inevitable dimming of witnesses' memories, or ... deprivation of information through non-cooperation with discovery....").

Spurell has failed to prosecute this action almost from its very beginning. Since at least November 8, 2006, Spurell has left the Court and parties with no way to contact him and has failed to move this action forward in any manner. That Spurell's actions (or inactions) have left this case at a stand-still for more than 15 months, weighs in favor of dismissal. Further, Spurell's complete abandonment of this action can only be viewed as willful.

4

Although application of the *Poulis* factors indicates that this action should be dismissed, because dismissal is severe sanction, the Court will attempt to deliver this order to Spurell and grant him 30 days in which to show good cause why the action should not be dismissed. No alternative sanctions present themselves at this long-standing early stage of litigation.

Finally, the Court will note that Spurell's claims are likely lacking in merit. Spurell alleges cruel and unusual prison conditions. Spurell indicates that he has completed the grievance procedure regarding his allegations, but bases this solely on his contention that "no one ever responded to any grievance I sent." It is certainly questionable whether Spurell has exhausted his administrative remedies with regard to his current claims. Spurell's complaints about having "no cold water" in his cell and that meal portions are too small likely do not rise to the level of constitutional violations. Further, Spurell fails to allege the personal involvement of numerous defendants in any alleged violation of his rights, and clearly has sued some defendants, such as the warden and assistant warden, solely on the impermissible theory of respondeat superior. Finally, in violation of Local Rule 8.1, Spurell's prayer for a specific amount of unliquidated damages must be stricken, as must his request for release from custody, which cannot be granted as relief for an alleged Eighth Amendment violation.

5

The *Poulis* factors, and Spurell's apparent abandonment of this action, weigh strongly in favor of the complaint being dismissed with prejudice under Rule 41(b). Nonetheless, the Court will grant Spurell 30 days in which he may present good cause for the Court to change its mind.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1.   Within 30 days of the date of this Order, Plaintiff Harold K. Spurell shall show good cause why this action should not be dismissed with prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

John E. Jones III
United States District Judge

6